

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*Petitioner,*

*v.*

OZBURN LAW FIRM, LLC

*Respondent.*

Civil Action No.

**1 : 2 2 -MI- 0 0 7 8**

## PETITION FOR ENFORCEMENT OF A SUBPOENA
## ISSUED BY THE FEDERAL HOUSING FINANCE AGENCY

The United States of America, on behalf of its agency the United States Federal Housing Finance Agency ("FHFA"), through the United States Attorney and the undersigned Assistant United States Attorney, respectfully petitions the Court for an expedited order enforcing an administrative subpoena, a true and correct of which is attached as **Exhibit 1**. The Office of Inspector General of the FHFA ("FHFA-OIG") issued the subpoena to the Respondent the Ozburn Law Firm, LLC on June 13, 2022. The subpoena requests information and documents concerning Respondent's involvement as an underwriter or title insurance agent in real estate transactions from September 1, 2019 to September 1, 2021.

Originally returnable on July 1, 2022, Respondent has entirely failed to respond to the subpoena or lodge any objections—despite repeated attempts to follow up with Respondent by FHFA-OIG. There is no legal basis for Respondent's continued refusal to respond. Accordingly, the Government requests that this Court issue an order, on an expedited basis, compelling Respondent to respond to the subpoena, or show cause as to why it should not, and for any additional relief the Court deems just and proper.

## THE PARTIES

1.      The Petitioner is the United States of America, on behalf of its agency the Federal Housing Finance Agency and its Office of Inspector General.

2.      The Respondent is Ozburn Law Firm, LLC, Georgia limited liability corporation with its principal place of business located at 1108 Monticello St., SW, Covington, (Newton County) Georgia.    The Georgia Secretary of State, Corporations Division, lists Samuel David Ozburn as the registered agent.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1345 and 12 U.S.C. § 4641(c)(2).

4.      Venue is properly laid in the federal judicial district of the Northern District of Georgia under 28 U.S.C. § 1391(b)(1) because Respondent resides in this district.

5.      Alternatively, venue is properly laid in the federal judicial district of the Northern District of Georgia under 28 U.S.C. § 1391(b)(2) because the subpoena at issue was served in this district, upon a person that resides in this district, and compliance with the subpoena was demanded in this district.

## APPLICABLE LAW

6.      The FHFA-OIG is authorized to issue and serve subpoenas for oaths and evidence under 12 U.S.C. § 4517(g) and § 4641. In relevant part, § 4641 authorizes the FHFA-OIG to "take and preserve testimony under oath" and "issue subpoenas and subpoenas duces tecum" as appropriate to carry out its regulatory and oversight mission over federally regulated financial entities. *See generally* 12 U.S.C. § 4513 (duties of the Director of the FHFA).

7.      The Government may seek the enforcement of duly issued subpoenas by its agency under 12 U.S.C. § 4641(c)(1), which authorizes the Government to "apply to. . .the United States district court for the judicial district of the United States in any territory in which such proceeding is being conducted, or where the

witness resides or carries on business, for enforcement of any subpoena or subpoena duces tecum issued pursuant to this section."

8.     The Court, in turn, has the "power to order and require compliance with any subpoena issued under paragraph (1)." § 4641(c)(2).

9.     Further, failure to comply with a duly issued FHFA-OIG subpoena carries financial penalties of up to $1,000.00 and potential criminal liability. § 4641(e).

## ISSUANCE AND SERVICE OF THE SUBPOENA

10.     Pursuant to this authority, on June 13, 2022, FHFA-OIG issued a subpoena to Ozburn Law Firm, LLC for certain records concerning the ability to issue title insurance policies as an authorized agent (Exhibit 1).

11.     The subpoena was served by commercial carrier, with signed proof of delivery, on June 14, 2022. Proof of service is attached hereto as **Exhibit 2**.

12.     The subpoena seeks documents and information related to Respondent's role as an underwriter or title insurance agent in real estate transactions from September 1, 2019, to September 1, 2021. Specifically, the subpoena requests real estate transaction information, underwriting agreements, and title insurance policies for all real estate transactions over the relevant time

period. The documents are crucial for the FHFA-OIG to carry out its regulatory and oversight duties.

13.    Respondent provided real estate settlement services in connection with real estate transactions occurring from September 1, 2019, to September 1, 2021, and has custody of the original real estate settlement files.

14.    The subpoena directs Respondent to produce responsive documents on or before July 1, 2022.

**RESPONDENTS'S FAILURE TO COMPLY WITH THE SUBPOENA**

15.    Respondent failed to comply with the subpoena by July 1.

16.    On July 18, FHFA-OIG contacted Respondent's principal, David Ozburn, by written correspondence demanding a response. A true and correct copy of the correspondence is attached hereto as **Exhibit 3.**

17.    On July 19, Special Agents Woodruff and Trisch visited Respondent's principal business address in person to request compliance with the subpoena. At that time, Respondent was further served via hand delivery with a copy of the subpoena and was asked to comply in seven (7) days. Respondent's principal did not raise any objections or indicate that Respondent would not comply. Respondent, through its principal, also signed the Acknowledgement of Subpoena Receipt at that time, a true and correct copy of which is attached as **Exhibit 4**.

18.     Respondent apparently engaged the Cowsert Heath firm to represent it in connection with the subpoena. But Respondent has still failed to comply with the subpoena despite communications with the Cowsert Heath firm. Most recently, on October 11, 2022, undersigned counsel demanded compliance with the subpoena from counsel and received no response. A true and correct copy of the communication is attached hereto as **Exhibit 5**.

19.     Respondent's failure to comply with the subpoena has now persisted for four (4) months. Respondent has never asserted objections to the subpoena, written or otherwise.

## **RELIEF REQUESTED**

20.     Accordingly, the Government respectfully requests an order, entered on an expedited basis, compelling Respondent to produce records responsive to the attached subpoena. A proposed show cause order for the Court's consideration is attached hereto as **Exhibit 6**.

21.     The Government further requests that Respondent pay its reasonable costs and fees in bringing this Petition, to be determined at a later time, and enter any further relief the Court deems just and proper.

Dated:  December 12, 2022.    Respectfully submitted,

RYAN K. BUCHANAN
UNITED STATES ATTORNEY

Andres H. Sandoval
Assistant U.S. Attorney
Georgia Bar No. 643257
United States Attorney's Office
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303
Telephone: (404) 581-6096
Facsimile: (404) 581-6181
E-mail: andres.sandoval@usdoj.gov
*Counsel for the United States of America*

UNITED STATES OF AMERICA
before
OFFICE OF INSPECTOR GENERAL
FEDERAL HOUSING FINANCE AGENCY

**Subpoena Duces Tecum**

TO:   Custodian of Records
      Ozburn Law Firm, LLC
      1108 Monticello Street
      Covington, GA 30014

Whereas Section 1105 of the Housing and Economic Recovery Act of 2008 (HERA),

12 U.S.C. § 4517(d), empowers the Inspector General of the Federal Housing Finance Agency

(FHFA) with the authorities established by Section 6 of the Inspector General Act of 1978 (the

IG Act), 5 U.S.C. App. 3 § 6; and

Whereas Section 6(a)(4) of the IG Act authorizes the Inspector General to require by

subpoena the production of all information, documents, reports, answers, records, accounts,

papers, and other data and documentary evidence necessary in the performance of the functions

and responsibilities assigned to him; and

Whereas the Inspector General has information that indicates you may have information

relevant or material to an ongoing investigation; and

Whereas the information is necessary for the Inspector General to perform his statutory

duties;

Therefore, YOU ARE HEREBY COMMANDED to produce and make available, on or

before July 1, 2022, by CERTIFIED MAIL, addressed to:



EXHIBIT

_____/_____

Special Agent Matthew Woodruff
Office of Inspector General
Federal Housing Finance Agency
501 E. Polk Street, Suite 600, Tampa, FL 33602
313-530-8413

the documents listed below. Alternatively, you may email an electronic copy of the documents to

matthew.woodruff@fhfaoig.gov.

Instructions

1.      This subpoena seeks originals of all documents.  However, legible, true, and

complete copies of the originals will be accepted in place of originals, provided that you make

the original records available for inspection by representatives of the Office of Inspector General,

upon request, during normal business hours.

2.      The terms "documents" and "records" as used in this subpoena include all data,

documentary evidence, and information, whether in paper form or stored on audiotape,

videotape, computer, electronic, magnetic, or other media.

3.      If you maintain that any document sought by this subpoena is protected from

production by a legally recognized claim of privilege or otherwise, furnish a written statement

identifying the document by date, author, addressee, each recipient, subject, and number of

pages, and detailing the reason(s) for withholding the document with sufficient specificity to

enable a court of law to determine the validity of your claim.

Document Demand

YOU ARE HEREBY REQUIRED TO PRODUCE any and all papers, instruments, data,

documents, records, reports, and other documentary evidence relating to all real estate settlement

transactions performed by Ozburn Law Firm, LLC as settlement agent from September 1, 2019,

to September 1, 2021.  The documents to be produced should include, but not be limited to:

1. Property address including city, state, and zip code,

2. Real estate settlement date,

3. Name of buyer(s),

4. Name(s) of the title insurance company issuing title commitment for the lender's and/or owner's title policy.

5. All underwriting agreements between Ozburn Law Firm, LLC and any title insurance underwriting company, granting Ozburn Law Firm, LLC the ability to issue title insurance policies as an authorized agent.


Issued June 13, 2022, under the authority of Section 6(a)(4) of the IG Act.


Michael J.      Digitally signed by Michael J.
Mullaney      Mullaney
              Date: 2022.06.10 13:45:17 -04'00'

Michael J. Mullaney
Deputy Inspector General for Investigations
Office of Inspector General
Federal Housing Finance Agency


**WARNING**: Section 6(a)(4) of the Inspector General Act of 1978, as amended, provides that this subpoena shall be enforceable, in the case of contumacy or refusal to obey, by order of any appropriate United States District Court.

OFFICE OF INSPECTOR GENERAL
FEDERAL HOUSING FINANCE AGENCY
Washington, D.C.

### Return of Service

I hereby certify that on _____, at
                                        [date]

or about _____ at _____,
              [time]                        [location]

I personally served this subpoena upon _____,
                                                        [name]

_____
          [position or title]

By: _____
          [name]

_____
          [title]

### Acknowledgment of Subpoena Receipt

I certify that an original of the attached subpoena was served upon me.

By: _____
          [name]

_____
          [title]

Date: _____

OFFICE OF INSPECTOR GENERAL
FEDERAL HOUSING FINANCE AGENCY

NOTICE PURSUANT TO PRIVACY ACT OF 1974

Subsection (e)(3) of the Privacy Act of 1974, 5 U.S.C. § 552a(e)(3), requires federal agencies that solicit personal information from individuals to provide such individuals with notice of: (A) the authority for solicitation of the information and whether disclosure is mandatory or voluntary; (B) the principal purposes for which the information is intended to be used; (C) the routine uses that may be made of the information; and (D) the effects, if any, of not providing the requested information.

<u>Authority for Solicitation of the Information</u>

The authority for requiring production of the information is set forth in the Housing and Economic Recovery Act of 2008 (HERA), 12 U.S.C. § 4517(d), and the Inspector General Act of 1978, as amended, 5 U.S.C. App. 3.  Disclosure of information is mandatory subject to the valid assertion of a legal right or privilege.

<u>Principal Purposes</u>

The Inspector General's principal purpose in soliciting the information is to promote economy, efficiency, and effectiveness in FHFA's programs and operations, including by auditing, investigating, and inspecting those programs and operations, and also by recommending policies that promote economy and efficiency in the administration of, and prevent and detect fraud and abuse in, those programs and operations.

<u>Routine Uses</u>

Information you give may be disclosed by the Inspector General pursuant to routine uses including the following:

(1) To appropriate Federal, state, local, foreign, territorial, tribal units of government, other public authorities, or self-regulatory organizations responsible for investigating or prosecuting the violations of, or for enforcing or implementing, a statute, rule, regulation, order, or license, when the information indicates a violation or potential violation of law, whether civil, criminal, or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule, or order issued pursuant thereto or is relevant to the recipient entity's law enforcement responsibilities;

(2) To a court, magistrate, grand jury, administrative tribunal, or adjudicative body in the course of presenting evidence, including disclosures to opposing counsel or witnesses in the course of civil discovery, litigation, or settlement negotiations, in response to a subpoena, or in connection with criminal law proceedings, including plea agreements, when OIG is a party or has a significant interest in the proceeding, to the extent that the information is determined to be relevant and necessary;

(3) To an individual member of Congress or a member of his/her staff in response to an inquiry made at the request of the individual who is the subject of the record;

(4) To another Federal agency, state, local, foreign, territorial, tribal units of government, other public authorities, or self-regulatory organizations to (a) permit a decision as to access, amendment or correction of records to be made in consultation with or by that agency or entity, or (b) verify the identity of an individual or the accuracy of information submitted by an individual who has requested access to or amendment or correction of records;

(5) To the Department of Justice, outside counsel retained by FHFA-OIG, or another Federal agency's legal representative when seeking legal advice including, but not limited to, whether to release information covered by the Freedom of Information (5 U.S.C. 552) and Privacy Acts (5 U.S.C. 552a), or the Department of Justice or outside counsel retained by FHFA-OIG is representing FHFA-OIG or any FHFA-OIG employee in his or her official or individual capacity; or when FHFA-OIG is a party to litigation or settlement negotiations or has an interest in litigation or settlement negotiations being conducted by the Department of Justice or outside counsel retained by FHFA-OIG and FHFA-OIG has determined such information to be relevant and necessary to the litigation or settlement negotiations;

(6) To another Federal Office of the Inspector General, law enforcement Task Force, or other Federal, state, local, foreign, territorial, or tribal units of government, other public authorities, or self-regulatory organizations for the purpose of preventing and/or identifying fraud, waste, or abuse related to FHFA's programs or operations;

(7) To the National Archives and Records Administration for use in records management inspections;

(8) To appropriate agencies, entities, and persons when (1) FHFA-OIG suspects or has confirmed that there has been a breach of the system of records; (2) FHFA-OIG has determined that as a result of the suspected or confirmed breach there is a risk of harm to individuals, FHFA-OIG (including its information systems, programs, and operations), the Federal Government, or national security; and (3) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with FHFA-OIG's efforts to respond to the suspected or confirmed breach or to prevent, minimize, or remedy such harm;

(9) To another Federal agency or Federal entity, when FHFA-OIG determines that information from this system of records is reasonably necessary to assist the recipient agency or entity in (1) responding to a suspected or confirmed breach; or (2) preventing, minimizing, or remedying the risk of harm to individuals, the recipient agency or entity (including its information systems, programs, and operations), the Federal Government, or national security, resulting from a suspected or confirmed breach;

(10) To any person or entity, either private or governmental, that FHFA-OIG has reason to believe possesses information regarding a matter within the jurisdiction of FHFA-OIG, to the extent deemed to be necessary by FHFA-OIG to elicit information or cooperation from the recipient for use in the performance of an authorized activity relevant to an FHFA-OIG audit, evaluation, investigation, or inquiry;

(11) To the Equal Employment Opportunity Commission, Merit Systems Protection Board, Federal Labor Relations Authority, Office of Special Counsel, Office of Government Ethics (OGE), Office of Personnel Management, Government Accounting Office, Department of Justice, Office of Management and Budget, arbitrators, and any other Federal agencies or other entity responsible for conducting investigations, other inquiries, administrative actions, hearings, and/or settlement efforts relating to personnel, security clearance, security or suitability or other administrative grievances, complaints, claims, or appeals filed by an employee, or if needed in the performance of other authorized duties;

(12) In situations involving an imminent danger of death or physical injury to an individual or individuals in danger;

(13) To other Federal Offices of Inspector General or other entities, during the conduct of internal and external peer reviews of FHFA-OIG;

(14) To the public or to the media for release to the public when the matter under audit, review, evaluation, investigation, or inquiry has become public knowledge, or when the Inspector General determines that such disclosure is necessary either to preserve confidence in the integrity of FHFA-OIG's audit, review, evaluation, investigative, or inquiry processes or is necessary to demonstrate the accountability of FHFA-OIG employees, officers or individuals covered by the system, unless the Inspector General or his/her delegee determines, after consultation with counsel and the Senior Privacy Official, that release of the specific information in the context of a particular case would constitute an unwarranted invasion of personal privacy;

(15) To Congress, congressional committees, or the staffs thereof, once an FHFA-OIG report or management alert has become final and the Inspector General determines that its disclosure is necessary to fulfill the Inspector General's responsibilities under the Inspector General Act of 1978;

(16) To contractors, experts, consultants, students, and others engaged by FHFA-OIG, when necessary to accomplish an agency function related to this system of records;

(17) To a Federal agency or other entity which requires information relevant to a decision concerning the hiring, appointment, or retention of an employee or contractor; the assignment, detail, or deployment of an employee or contractor; the issuance, renewal, suspension, or revocation of an employee's or contractor's security clearance; the execution of a security or suitability investigation; the adjudication of liability; or coverage under FHFA-OIG's liability insurance policy;

(18) To Federal agencies and other public authorities for use in records management inspections, reporting requirements, information collection, including but not limited to, General Services Administration (GSA) as part of GSA's responsibility to recommend improvements in records management practices and programs under authority of 44 U.S.C. 2904 and 2906, OGE, as part of the agency's reporting requirements set forth in 5 CFR 2638, Subpart F, and any other system, program, procedure or circumstance where such disclosure is mandated by Federal statute or regulation;

(19) To victims of a crime in accordance with the Victims' Rights and Restitution Act of 1990 (34 U.S.C. 20141), to the extent appropriate;

(20) To a Federal agency in connection with a pending or prospective administrative enforcement process or mechanism, including but not limited to a suspension, debarment, or suspended counterparty designation; and

(21) To the Council of the Inspectors General on Integrity and Efficiency and its committees, another Federal Office of Inspector General, or other Federal law enforcement office in connection with an allegation of wrongdoing by the Inspector General or by designated FHFA-OIG staff members.

<u>Effect of Noncompliance</u>

Failure to comply with a subpoena may result in the Inspector General requesting a court order for compliance. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court.



June 22, 2022

Dear Customer,

The following is the proof-of-delivery for tracking number: 777100310285

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Receptionist/Front Desk |
| **Signed for by:** | A.OZBURN | **Delivery Location:** | |
| **Service type:** | FedEx 2Day | | |
| **Special Handling:** | Deliver Weekday; Adult Signature Required | | COVINGTON, GA, |
| | | **Delivery date:** | Jun 14, 2022 13:43 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 777100310285 | **Ship Date:** | Jun 10, 2022 |
| | | **Weight:** | 0.5 LB/0.23 KG |

| **Recipient:** | **Shipper:** |
|---|---|
| COVINGTON, GA, US, | Washington, DC, US, |

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.



EXHIBIT

2

Thank you for choosing FedEx



# OFFICE OF INSPECTOR GENERAL
### Federal Housing Finance Agency

400 7th Street SW, Washington, DC 20219

July 18, 2022

**VIA HAND DELIVERY**
**Courtesy copy by email (info@ozburnlaw.com)**

David Ozburn, Esq.
Ozburn Law Firm LLC
1108 Monticello Street
Covington, GA 30014

Mr. Ozburn,

The Federal Housing Finance Agency Office of Inspector General served your office with a Subpoena Duces Tecum, dated June 13, 2022, which required production of certain records that are material and relevant to an ongoing law enforcement investigation. This subpoena was authorized under Section 6(a)(4) of the Inspector General Act of 1978, 5 U.S.C. App. 3 § 6.

The return date for production of documents and information pursuant to the subpoena was July 1, 2022. We have attempted to contact your office several times regarding status without success. If you need additional time to respond, please contact Special Agent Matthew Woodruff at matthew.woodruff@fhfaoig.gov or (313) 530-8413. Otherwise, please produce the subject records within 10 days.

Finally, please note that Section 6(a)(4) of the Inspector General Act, as amended, provides that FHFA-OIG subpoenas are enforceable, in the case of refusal to obey, by order of any appropriate U.S. District Court.

Respectfully,

Stacey Nahrwold
Chief Counsel (Acting)

Enclosure: Original Subpoena, Dated June 13, 2022

Cc: Michael Mullaney, Deputy Inspector General Investigations
     Edwin S. Bonano, Special Agent in Charge

**EXHIBIT**
**3**

OFFICE OF INSPECTOR GENERAL
FEDERAL HOUSING FINANCE AGENCY
Washington, D.C.

**Return of Service**

I hereby certify that on ___07/19/2022___, at
[date]

or about _5:25 pm_ at _OZBURN LAW FIRM_
[time]          [location]

I personally served this subpoena upon _DAVID OZBURN_
[name]

_OWNER_
[position or title]

By: _SA M. Woodruff_
[name]

_~~LAWYER~~ Special Agent_
[title]

**Acknowledgment of Subpoena Receipt**

I certify that an original of the attached subpoena was served upon me.

By: _(signature)_
[name]

_Owner_
[title]

Date: _7/19/22_

EXHIBIT
4

**From:** Sandoval, Andres (USAGAN)
**Sent:** Tuesday, October 11, 2022 11:45 AM
**To:** bill.cowsert@cowsertheath.com
**Subject:** In re Subpoena Duces Tecum to Ozburn Law Firm, LLC

Dear Mr. Cowsert:

Good morning. The United States Attorney's office for the Northern District of Georgia has been referred this matter by the Federal Housing Finance Agency, Office of Inspector General (FHFA-OIG). As you may be aware, on or about June 14, 2022, FHFA-OIG served the attached subpoena duces tecum on the Ozburn Law Firm, LLC. On July 19, Mr. Ozburn met with Special Agents Woodruff and Trisch concerning the Ozburn Law Firm's noncompliance with the referenced subpoena. At that time, I understand Mr. Ozburn agreed to provide responsive business records within seven (7) business days.

To date, FHFA-OIG has not received responsive records to the subpoena. Please consider this a further demand to the Ozburn Law Firm for production of responsive business records by no later than Friday, October 21, 2022. Records may be provided electronically to me by secure transmission or other means as we may agree. If the Ozburn Law Firm does not provide records by the requested date, I intend to pursue enforcement remedies in federal court.

If you no longer represent the Ozburn Law Firm, please let me know as soon as possible.

Sincerely,

**Andres H. Sandoval**
Assistant United States Attorney
Deputy Chief, Civil Division
United States Attorney's Office
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta, GA 30303
(404) 581-6096 (Direct)
andres.sandoval@usdoj.gov

CONFIDENTIALITY NOTICE:  This communication may contain law enforcement sensitive privileged attorney/client communications or work product, and is not subject to disclosure. It is solely for the use of the intended recipients.  Unauthorized interception, review, use or disclosure is prohibited.  If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete the e-mail, any attachments, and all copies from your computer.



**EXHIBIT**

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| *Petitioner,* | Civil Action No. |
| *v.* | _____ |
| OZBURN LAW FIRM, LLC | |
| *Respondent.* | |

## ORDER TO SHOW CAUSE DIRECTED TO OZBURN LAW FIRM, LLC

This matter came before the Court on the United States of America's *Petition for Enforcement of a Subpoena Issued by the Federal Housing Finance Agency.* (Dkt. 1). The Government seeks an expedited order requiring compliance by the Ozburn Law Firm, LLC with the subpoena issued on June 13, 2022, by the Office of Inspector General for the Federal Housing Finance Agency ("FHFA-OIG") under its statutory authority, 12 U.S.C. § 4517(g) and § 4641. A copy of the subpoena is attached to the Government's Petition as Exhibit 1. The Government seeks responsive records within seven days of this Order. The Respondent has not raised any objections to the subpoena.



EXHIBIT

6

The Court has reviewed the Petition and the attached evidence and has determined it should enter the following order. Accordingly, it is hereby

ORDERED AND ADJUDGED THAT, by no later than seven days after the date of this Order (or the following business day), Respondent, the Ozburn Law Firm, LLC, shall show cause in writing to the Court as to why it should not comply with the subpoena attached to the Petition as Exhibit 1. The Government may respond to Respondent's filing within 14 days. Nothing in this Order shall serve to cure any objection Respondent has otherwise waived.

IT IS FURTHER ORDERED THAT, if Respondent fails to timely show cause in writing, Respondent shall be deemed to have waived any objection to the subpoena and shall immediately comply by producing all responsive documents, information, or things to the Government. The Court shall reserve jurisdiction over this matter to enforce this Order, including by entering an order that the Respondent is in contempt of the Court.

IT IS SO ORDERED, this ___ day of _____, 2022.


_____
U.S. DISTRICT COURT JUDGE

Order prepared by:

RYAN K. BUCHANAN
UNITED STATES ATTORNEY

*/s/ Andres H. Sandoval*
Andres H. Sandoval
Assistant U.S. Attorney
Georgia Bar No. 643257

3